**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| **WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT,** | |
| *Plaintiff,* | **Civil Action No. 6:20-cv-01164-ADA** <br> **Civil Action No. 6:20-cv-01170-ADA** |
| **v.** | **FILED UNDER SEAL** |
| **SALESFORCE.COM, INC.,** | |
| *Defendant.* | |

**DEFENDANT SALESFORCE, INC.'S
<u>MOTION FOR PARTIAL SUMMARY JUDGMENT OF NO PRE-SUIT DAMAGES</u>**

**TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ............................................................................................................1

II.     BACKGROUND ............................................................................................................1

        A.      WSOU Did Not Provide Pre-Suit Notice...............................................................1

        B.      ███████████████   Are Licensees of the '493 and '411 Patents, Respectively .........................................................................................................1

        C.      Salesforce Identified to WSOU Unmarked Products Sold by ████████ █████████ That Practiced the '493 and '411 Patents....................................3

III.    ARGUMENT....................................................................................................................4

        A.      Salesforce Did Not Have Any Pre-Suit Notice of Alleged Infringement................4

        B.      Salesforce Did Not Have Constructive Notice of Any Alleged Infringement of the '411 and '493 Patents Due to the Failure to Mark.........................................5

                1.      Salesforce Met Its Burden of Production Under *Arctic Cat* ........................5

                2.      WSOU Cannot Meet Its Burden of Proof Under *Arctic Cat* ........................7

IV.     CONCLUSION.................................................................................................................7

## TABLE OF AUTHORITIES

**Page**

### Cases

*Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*,
  876 F.3d 1350 (Fed. Cir. 2017)................................................................................3, 5, 7

*Biedermann Techs. GmbH & Co. KG v. K2M, Inc.*,
  528 F. Supp. 3d 407 (E.D. Va. 2021) ...........................................................................7

*Gart v. Logitech, Inc.*,
  254 F.3d 1334 (Fed. Cir. 2001)......................................................................................5

*Innovative Memory Sys., Inc. v. Micron Tech., Inc.*,
  No. CV 14-1480-RGA, 2022 WL 4548644 (D. Del. Sept. 29, 2022) .......................7

*SRI Int'l, Inc. v. Advanced Tech. Labs., Inc.*,
  127 F.3d 1462 (Fed. Cir. 1997).......................................................................................5

### Statutes

35 U.S.C. § 287................................................................................................3, 4, 6, 8

35 U.S.C. § 287(a) .................................................................................................1

i

██████████████████████████████

## I.    INTRODUCTION

Defendant Salesforce, Inc. ("Salesforce") respectfully requests summary judgment that Plaintiff WSOU Investments, LLC ("WSOU") cannot recover pre-suit damages for any alleged infringement of U.S. Patent Nos. 8,209,411 (the "'411 Patent") and 9,088,493 (the "'493 Patent") (collectively, the "Asserted Patents") because WSOU failed to comply with the requirements of 35 U.S.C. § 287(a). Specifically, (i) WSOU failed to provide any notice of infringement to Salesforce before filing suit; and (ii) at least one licensee for each of the '411 and '493 Patents, respectively, sold licensed products prior to the filing of these actions and failed to mark their licensed products. Accordingly, pre-suit damages are barred.

## II.    BACKGROUND

### A.    WSOU Did Not Provide Pre-Suit Notice

On December 18, 2020, WSOU filed ten patent infringement actions against Salesforce in this Court, including Civil Action Nos. 6:20-cv-01164 and 6:20-cv-01170 asserting infringement of the '411 and '493 Patents respectively. It is undisputed that Salesforce had no notice of the Asserted Patents until WSOU filed its original complaints. Ex. 1 at 234:13-21; Ex. 2 at 35.

### B.    ██████████████ Are Licensees of the '493 and '411 Patents, Respectively

The '411 and '493 Patents were originally assigned to ████████████████

████████████████████, respectively. Exs. 3-4. ████████████████

██████████████████████████████

██████████████████████████████

██████████████████████████████

██████████████████████████████

██████████████████████████████

1



2

███████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

███████████████████████████████████████████ ███

**C.    Salesforce Identified to WSOU Unmarked Products Sold by** ███████
███████ **That Practiced the '493 and '411 Patents**

On May 13, 2022, Salesforce served WSOU with a notice pursuant to *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350 (Fed. Cir. 2017) (the "*Arctic Cat* Notice"), which identified "specific unmarked products which Salesforce alleges practice one or more apparatus claims" in the Asserted Patents based on WSOU's interpretation of the claims that should have been marked in accordance with 35 U.S.C. § 287. *See* Ex. 11 at 1-5, 8. The *Arctic Cat* Notice identified specific products that should have been marked, including the ████████

████████████████████████████████████████████████

████████████████████████████████████████ in the U.S. on October 22, 2019 and is still selling it in the U.S. as of 2023. Exs. 12-13. ██████████████████

████████████████████ at least as early as March 27, 2018 and has been selling it within the U.S. from at least as early as October 2018 through the present day. *See* Exs. 14-18.

On July 6, 2022, Salesforce served an interrogatory requesting that, "for each Patent-in-

---

[2]  Salesforce has concurrently filed a motion to dismiss for lack of standing pertaining to the '493 Patent because the Assignment of Patent Purchase Agreement ("APPA") itself did not actually assign any patents from Wade to WSOU. Whether the APPA assigned any patents from Wade to WSOU does not affect the validity of the ████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████



Suit, . . . the complete basis for [WSOU's] contention that WSOU is not barred in whole or in part from recovering damages under 35 U.S.C. § 287." Ex. 19 at 9-10. WSOU's response stated:

Subsequently, WSOU supplemented its response, in relevant part, as follows:

Fact discovery closed on December 16, 2022. Dkt. 128 at 1.[3] Three days later, WSOU responded to the *Arctic Cat* Notice, and did not dispute that the products identified therein were not marked. *See* Ex. 22 at 1-2. WSOU also did not assert that—let alone explain why—the unmarked products do not practice the asserted claims of the Asserted Patents. *See id.*

On March 30, 2023, Salesforce served expert reports showing that the identified in the *Arctic Cat* Notice practice at least one asserted claim of the '411 and '493 Patents, respectively. *See* Ex. 23 at 146-52; Ex. 24 at 173-90. WSOU did not offer any expert testimony or other evidence to rebut Salesforce's experts' opinions. *See generally* Exs. 25-31.

## III.    ARGUMENT

### A.    Salesforce Did Not Have Any Pre-Suit Notice of Alleged Infringement

There is no dispute that Salesforce did not have pre-suit notice of any alleged infringement

---

[3]   Unless otherwise indicated, all docket cites refer to Case No. 6:20-cv-01164 (W.D. Tex.).

of the '411 and '493 Patents. Ex. 2 at 35; Ex. 1 at 234:13-21. Thus, in order to be entitled to pre-suit damages, WSOU must meet its burden of persuasion to show there were no unmarked licensed products practicing the Asserted Patents.

**B.      Salesforce Did Not Have Constructive Notice of Any Alleged Infringement of the '411 and '493 Patents Due to the Failure to Mark**

**1.      Salesforce Met Its Burden of Production Under *Arctic Cat***

35 U.S.C. § 287 requires that a patentee or its licensees who make, offer for sale, or sell an article that practices the claims of its patents mark those articles or otherwise notify accused infringers of their patents in order to recover pre-suit damages. *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350, 1366 (Fed. Cir. 2017) ("A patentee's licensees must also comply with § 287[.]"). In the event of a failure to mark, a patentee can only recover damages for the period that the accused infringer had notice of the alleged infringement. *SRI Int'l, Inc. v. Advanced Tech. Labs., Inc.*, 127 F.3d 1462, 1469 (Fed. Cir. 1997) ("Absent marking, damages may be recovered only after actual notice is given."). Patent marking can appropriately be decided on summary judgment. *Gart v. Logitech, Inc.*, 254 F.3d 1334, 1339 (Fed. Cir. 2001). The marking requirement applies to both the patentee and any of its licensees. *Arctic Cat*, 876 F.3d at 1366.

WSOU must comply with § 287 to recover pre-suit damages if its licensees make or sell a product within the United States practicing at least one asserted claim. As the Federal Circuit held:

> [A]n alleged infringer who challenges the patentee's compliance with § 287 bears an initial burden of production to articulate the products it believes are unmarked "patented articles" subject to § 287. ***To be clear, this is a low bar. The alleged infringer need only put the patentee on notice that he or his authorized licensees sold specific unmarked products which the alleged infringer believes practice the patent.*** The alleged infringer's burden is a burden of production, not one of persuasion or proof.

*Arctic Cat*, 876 F.3d at 1368 (emphasis added). Applying this standard, the Federal Circuit held that a defendant had satisfied its burden of production by (i) identifying a licensee of the asserted patents, (ii) identifying the licensee's unmarked products believed to practice the asserted patents,

5

████████████████████████████████████

and (iii) offering expert testimony that these products practiced the asserted patents. *See id.*

Salesforce has satisfied its burden of production. Here, there can be no reasonable dispute that ████████████████ are licensees of the '411 and '493 Patents, respectively. As explained above, ███████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████

Similarly, there is no dispute that Salesforce sent WSOU an *Arctic Cat* Notice identifying unmarked products ████████████████████████████████ that Salesforce alleged practiced the '411 and '493 Patents, respectively. Ex. 11. In its discovery responses, WSOU did not dispute that these identified products are not marked with the '411 and '493 Patents. *See* Ex. 22. There is also no dispute that these products were offered for sale and/or sold within the United States after ████████████████ became licensees and before WSOU filed suit. *See* Exs. 12-18.

Furthermore, Salesforce went far beyond *Artic Cat's* "low bar" of merely identifying products it believed should be marked by providing expert testimony establishing that that the ████████████████████████████████ practiced at least one asserted claim of the '411 and '493 Patents, respectively. *See* Ex. 23 at 146-52 ('411 Patent expert report containing Dr. Schmidt's limitation-by-limitation analysis of how ████████████████████ practices claim 10 of the '411 Patent); Ex. 24 at 173-90 ('493 Patent expert report containing Dr. Weissman's limitation-by-

6

███████████████████████████████

limitation analysis of how the ███████ practices claim 5 of the '493 Patent).

### 2.    WSOU Cannot Meet Its Burden of Proof Under *Arctic Cat*

"Once the alleged infringer meets its burden of production, . . . the patentee bears the burden to prove the products identified do not practice the patented invention." *Arctic Cat*, 876 F.3d at 1368. As shown above, Salesforce met its burden of production, triggering WSOU's burden to prove that the (i) ███████ does not practice the '411 Patent, and (ii) ███████ does not practice the '493 Patent. WSOU cannot meet this burden.

During discovery, WSOU failed to offer any evidence in discovery responses or expert reports that the ███████████████ do not practice the '411 and '493 Patents. *See generally* Exs. 20-21, 25-31. Similarly, in its response to the *Arctic Cat* Notice, WSOU failed to explain why these two products do not practice the asserted claims. Ex. 22. The complete lack of evidence that the ███████████████ do not practice the '411 and '493 Patents, respectively, means WSOU cannot meet its burden to prove that ███████ complied with § 287. *Innovative Memory Sys., Inc. v. Micron Tech., Inc.*, No. CV 14-1480-RGA, 2022 WL 4548644, at *15 (D. Del. Sept. 29, 2022) (recommending summary judgment of no pre-suit damages because plaintiff "offered no evidence that the [alleged unmarked] products do not embody the [asserted] patent"); *Biedermann Techs. GmbH & Co. KG v. K2M, Inc.*, 528 F. Supp. 3d 407, 422-23 (E.D. Va. 2021) (granting summary judgment of no pre-suit damages because plaintiff "failed to highlight evidence on which a reasonable juror could conclude that [the alleged unmarked] products did not practice the relevant patents, were not sold in the United States [pre-suit], or were marked with the relevant patents").

## IV.    CONCLUSION

For these reasons, Salesforce respectfully requests that the Court grant its Motion for Partial Summary Judgment of No Pre-Suit Damages.

DATED: October 17, 2023    Respectfully submitted,

_/s/ Scott L. Cole_____
Scott L. Cole
scottcole@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
201 West 5th Street
11th Floor
Austin, TX 78701
Telephone: (737) 667-6104

Kevin P.B. Johnson
kevinjohnson@quinnemanuel.com
Todd Briggs
toddbriggs@quinnemanuel.com
Ray R. Zado
rayzado@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Sam Stake
samstake@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, Floor 22,
San Francisco CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Attorneys for Defendant Salesforce, Inc.*

8

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on October 17, 2023, all counsel of record who have appeared in this case are being served with a copy of the foregoing via e-mail.


Dated:  October 17, 2023                          */s/ Scott Cole*_____
                                                           Scott Cole

1