PUBLIC VERSION

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| **WSOU INVESTMENTS, LLC d/b/a** | § | |
| **BRAZOS LICENSING AND** | § | **Civil Action No. 6:20-cv-01164-ADA-DTG** |
| **DEVELOPMENT,** | § | **Civil Action No. 6:20-cv-01170-ADA-DTG** |
| | § | |
| **Plaintiff,** | § | PUBLIC VERSION |
| | § | |
| **v.** | § | |
| | § | |
| **SALESFORCE.COM, INC.** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF NO PRE-SUIT DAMAGES

PUBLIC VERSION

## TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ....................................................................................................................1

II.    BACKGROUND ....................................................................................................................1

III.    LEGAL STANDARDS .........................................................................................................3

      A.    Summary Judgment ..................................................................................................3

      B.    Pre-Suit Damages and 35 U.S.C. § 287(a)...............................................................4

IV.    ARGUMENT.........................................................................................................................5

      A.    Salesforce's *Arctic Cat* Notice Was Inadequate ....................................................5

      B.    Brazos is Still Entitled to Damages Up Until Marking Was Required.................5

V.    CONCLUSION.....................................................................................................................7

PUBLIC VERSION

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986)................................................................................................................3

*Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*,
    950 F.3d 860 (Fed. Cir. 2020)...............................................................................................6

*Arctic Cat Inc. v. Bombardier Recreational Products. Inc.*,
    876 F.3d 1350 (Fed. Cir. 2017)..................................................................................... *passim*

*Biedermann Techs. GmbH & Co. KG v. K2M, Inc.*,
    528 F. Supp. 3d 407 (E.D. Va. 2021) ....................................................................................5

*In re Elonex Phase II Power Mgmt. Litig.*,
    No. 01–082 GMS, 2002 WL 242363 (D. Del. 2002) ...........................................................4, 6

*Freeny v. Fossil Grp., Inc.*,
    No. 2:18-CV-00049-JRG, 2019 WL 8688587 (E.D. Tex. July 24, 2019)................................5

*Laitram Corp. v. NEC Corp.*,
    No. 89-1571, 1996 WL 365663 (E.D. La. 1996)..................................................................4, 6

*Packet Intel. LLC v. NetScout Sys., Inc.*,
    965 F.3d 1299 (Fed. Cir. 2020)...............................................................................................4

*Solas Oled Ltd. v. Samsung Elecs. Co., Ltd.*,
    No. 2:21-CV-105-JRG-RSP, 2022 WL 1912873 (E.D. Tex. 2022) ........................................5

*WiAV Solutions LLC v. Motorola, Inc.*,
    No. 3:09cv447, 2010 WL 3199706 (E.D. Va. 2010)...........................................................4, 6

*Wokas v. Dresser Indus., Inc.*,
    978 F. Supp. 839 (N.D. Ind. 1997) ......................................................................................4, 6

**Statutes**

35 U.S.C. § 287...........................................................................................................1, 4, 6, 7

**Other Authorities**

Fed. R. Civ. P. 56(a) ...................................................................................................................3

PUBLIC VERSION

## I.    INTRODUCTION

Brazos is not barred in whole or in part from recovering damages under 35 U.S.C. § 287. Salesforce's initial identification of allegedly marked products pursuant to *Arctic Cat* is deficient, and in the alternative, Brazos is still entitled to certain pre-suit damages.  First, Salesforce's notice contained numerous defects that precludes a finding that Salesforce met its initial burden under *Artic Cat*.  Salesforce did not sufficiently explain its belief that the unmarked products allegedly practice the asserted claims.  And for the '411 Patent, according to Salesforce's expert, the alleged unmarked product is ████████████████████████████████

████████████████████████████████████████████

████████████████████████

Second, even if the Court were to find that Salesforce had satisfied its initial burden under *Arctic Cat*, Brazos should still be entitled to pre-suit damages for the damages period before the alleged unmarked products came to market.  For the '411 Patent, the alleged obligation to mark did not arise until ████████████████████████████████████████ ████  For the '493 Patent, there is at a minimum a dispute of material fact as to when the obligation to mark arose, and if it even arose prior to the filing of the complaint.  While Salesforce has cited to some generic webpages about ████████████████████████████████ ████████████████████████████████ years after Salesforce had actual notice of infringement from the filing of the complaint.  Because there are disputes of material fact as to when this product came to market, summary judgment should be denied.

## II.    BACKGROUND

On December 18, 2020, Plaintiff Brazos filed the instant actions against Defendant Salesforce, alleging Salesforce was infringing Brazos's patents, U.S. Patent No. 8,209,411 ("the

'411 patent") (Civil Action No. 6:20-cv-01164) and U.S. Patent No. 9,088,493 (the "'493 patent") (Civil Action No. 6:20-cv-01170).

On May 13, 2022, Salesforce served Brazos with a notice pursuant to *Arctic Cat Inc. v. Bombardier Recreational Products. Inc.*, 876 F.3d 1350 (Fed. Cir. 2017) (the "*Arctic Cat* Notice") regarding the '411 Patent and the '493 Patent. Dkt. 237, Exhibit 11. For the 411 Patent, Salesforce listed *over a hundred products* it alleged practiced the asserted claims.

On December 19, 2022, Brazos served a response to Salesforce's *Arctic Cat* Notice. Dkt. 237, Exhibit 22. Brazos's response outlined deficiencies in the Notice and how it failed to adequately identify the alleged unmarked products, including the following: (i) Salesforce did not identify its basis under which allegedly licensed products are licensed; and (ii) Salesforce did not sufficiently explain its belief for its basis that the unmarked products allegedly practice the asserted claims. *Id.* Brazos also pointed out that none of the licensees named in the letter had admitted infringement of any asserted patent. *Id.* Despite Brazos raising these issues, Salesforce never served a supplemental notice.

On February 16, 2023, the parties served opening expect reports in these actions. On March 30, 2023, the parties submitted rebuttal expert reports. In Salesforce's rebuttal expert reports, Salesforce's technical experts for the first time each opined on a *single* alleged unmarked product that allegedly practiced each respective patent-in-suit (after initially identifying over one hundred). Dkt. 237, Exhibit 23. Because Salesforce only served this analysis in their rebuttal reports, Brazos's experts did not have an opportunity to submit their own rebuttal analysis as to the alleged unmarked products. ████████████████████████████████

████████████████████████████████████████████████

████████████████████████ *Id.* at ¶¶ 328-346. This identification was different than Salesforce's

2

PUBLIC VERSION

*Arctic Cat* Notice, ███████████████████████████████████████.    Dkt. 237, Exhibit 11.

Salesforce's expert for the '493 Patent claimed that ████████████████████████████

████████████████████████████████████████ was an unmarked product that

practiced the asserted claims for that patent.  Dkt. 237, Exhibit 24.  Salesforce cited to a few

Wayback Machine generated webpages that generically describe t████████████████████

██████████████████████████████████████████████████████████████████

████████████.[1]  Dkt. 237, Exhibits 14-18.  None of the webpages Salesforce cite mention the

██████████████████████████████████████████████████  Instead that

date simply seems to refer to the publishing of the first generic webpage describing the product.

Dkt. 237, Exhibit 14.  A more recent ██████████████████████████████████████

██████████████████████████████████████████████ well after the filing

of the complaint for the '493 Patent.  Exs. 1, 2.[2]

## III.    LEGAL STANDARDS

### A.    Summary Judgment

A court shall grant summary judgment when the moving party demonstrates that "there is

no genuine dispute as to any material fact," and that it is "entitled to judgment as a matter of law."

Fed. R. Civ. P. 56(a).  A dispute as to a material fact is genuine "if the evidence is such that a

reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*,

477 U.S. 242, 248 (1986).

---

[1]. This is in contrast to the exhibits Salesforce includes for the '411 Patent, which show the actual webpage for purchasing the alleged unmarked product that also lists its exact release date.
[2] "Ex. _" refers to the exhibits to the Declaration of Jonathan K. Waldrop ("Waldrop Dec.") filed concurrently herewith.

## B.    Pre-Suit Damages and 35 U.S.C. § 287(a)

In *Arctic* Cat, the Federal Circuit set forth a framework allocating proof burdens between an accused infringer and a patentee. *Arctic Cat Inc. v. Bombardier Recreational Prods., Inc.*, 876 F.3d 1350, 1366 (Fed. Cir. 2017). The alleged infringer "bears an initial burden of production to articulate the products it believes are unmarked 'patented articles' subject to [the marking requirement]." *Id.* at 1368. While the preliminary burden of identifying unmarked products believed to practice the patents-in-suit is "low," the identification still must be "adequate." *Packet Intel. LLC v. NetScout Sys., Inc.*, 965 F.3d 1299, 1313 (Fed. Cir. 2020).

Courts have held that where a patentee, and any of its licensees, initially do not make or sell any product, but later begin selling an unmarked product covered by the patent, the patentee's or licensee's failure to mark will not bar all damages. Instead, the failure to mark will only bar damages during the period when the unmarked products were distributed.

> [E]nforcing the statute as the Defendants read it penalizes the patentee for failing to comply with a statute that the patentee was not required to comply with in the first place. And, it is simply unreasonable to read the statute in this manner. Therefore, the Court holds that a patentee is not precluded from collecting damages for a period in which marking was not required even if the requirements of the marking statute were later triggered and the patentee failed to comply. This conclusion is most consistent with the purpose of the statute.

*WiAV Solutions LLC v. Motorola, Inc.*, No. 3:09cv447, 2010 WL 3199706, *4–*5 (E.D. Va. 2010); *see also In re Elonex Phase II Power Mgmt. Litig.*, No. 01–082 GMS, 2002 WL 242363, at *4–*6 (D. Del. 2002) (denying motion for summary judgment because an issue of fact existed as to whether during a portion of the time before the licensee's failure to mark, the patentee and its licensees had not sold the patented product); *Wokas v. Dresser Indus., Inc.*, 978 F. Supp. 839, 848 (N.D. Ind. 1997) (ruling patentee was not barred from collecting damages for the period prior to the duty to comply with § 287(a) began); *Laitram Corp. v. NEC Corp.*, No. 89-1571, 1996 WL 365663 (E.D. La. 1996) (reducing pre-suit damages only for "the non-marking period").

4

PUBLIC VERSION

## IV.    ARGUMENT

### A.    Salesforce's *Arctic Cat* Notice Was Inadequate

Salesforce's initial *Arctic Cat* Notice failed to sufficiently identify the alleged unmarked products for the '411 Patent. Notably, Salesforce's later identification in its rebuttal expert report of a single alleged marked product is different than the products identified in its Notice.

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

█████████████████████████████████ *Cf.* Dkt. 237, Exhibit 11 *with* Dkt. 237, Exhibit 23 at ¶¶ 328-346. Salesforce's initial identification was inadequate for the purposes of putting Brazos on notice of the alleged unmarked products, and its late disclosure of the actual alleged unmarked product in a rebuttal expert report was prejudicial to Brazos. *See Biedermann Techs. GmbH & Co. KG v. K2M, Inc.*, 528 F. Supp. 3d 407, 424 (E.D. Va. 2021) ("While [Defendants'] burden to satisfy *Arctic Cat* is not 'a high bar,' ... incomplete allegations do not meet such standard at the summary judgment stage."); *Solas Oled Ltd. v. Samsung Elecs. Co., Ltd.*, No. 2:21-CV-105-JRG-RSP, 2022 WL 1912873, *2 (E.D. Tex. 2022) ("By waiting until the close of fact discovery to satisfy its *Arctic Cat* burden, Samsung precluded Solas from developing evidence from third parties such as Microchip, who produce the unmarked products identified by Samsung, to meets its burden of proof that the unmarked products do not practice the '767 Patent."); *Freeny v. Fossil Grp., Inc.*, No. 2:18-CV-00049-JRG, 2019 WL 8688587, at *3 (E.D. Tex. July 24, 2019) (holding Fossil failed to meet its *Arctic Cat* burden of production because it first identified products in rebuttal expert reports). As such, Salesforce failed to meet its burden under *Arctic Cat* for the '411 Patent.

### B.    Brazos is Still Entitled to Damages Up Until Marking Was Required

If the Court decides that Salesforce's *Arctic Cat* Notice was sufficient, the limitation on damages should apply only from the time the duty to mark began, *i.e.* from the time each allegedly

5

PUBLIC VERSION

unmarked product was offered for sale. "Once a patentee begins making or selling a patented article, the notice requirement attaches, and the obligation imposed by § 287 is discharged only by providing actual or constructive notice." *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 950 F.3d 860, 865 (Fed. Cir. 2020) ("*Arctic Cat II*"). Thus, the notice requirement does not attach until the unmarked product is *actually sold*. If a patentee like Brazos were precluded from damages for the period prior to its licensee actually selling unmarked products, then it would be penalized for "failing to comply with a statute that [it] was not required to comply with in the first place." *See WiAV Solutions*, 2010 WL 3199706, *4–*5 ("[A] patentee is not precluded from collecting damages for a period in which marking was not required even if the requirements of the marking statute were later triggered and the patentee failed to comply.").[3]  Such a penalty would be "[in]consistent with the purpose of the statute." *Id.*; *see also In re Elonex*, 2002 WL 242363 at *4–*6 (denying motion for summary judgment because an issue of fact existed as to whether during a portion of the time before the licensee's failure to mark, the patentee and its licensees had not sold the patented product); *Wokas*, 978 F. Supp. at 848 (ruling patentee was not barred from collecting damages for the period prior to the duty to comply with § 287(a) began); *Laitram*, 1996 WL 365663 (reducing pre-suit damages only for "the non-marking period").

For the '411 Patent, ███████████████████████████████ Dkt. 237, Exhibits 12-13; Ex. 3. This means that Brazos's duty to mark did not arise until ██████████████████████████ and thus Brazos is only precluded from damages from that date until the date of the filing of the complaint, December 18, 2020.

---

[3] This is also consistent with the Federal Circuit's interpretation of Section 287 that "allow[s] a patentee who had sold unmarked products to begin recovering damages after the patentee began marking." *Arctic Cat II* at 865.

PUBLIC VERSION

For the '493 Patent, Salesforce cited to a few ████████████████████████████

████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████ (Dkt. 237, Exhibit 14), while other

publicly available evidence states ████████████████████████████████

████████████████████████ Exs. 1, 2.  Thus, there is at least a dispute of material fact as to

when Brazos's duty to mark began.  If it was the latter date, Brazos's duty to mark did not even

begin until *after the filing of the complaint*, *i.e.*, when Salesforce *already had notice of

infringement*.  Limiting pre-suit damages for an unmarked product where the duty to mark arose

after the party already had notice of infringement is inconsistent with the actual terms of Section

287 and its underlying policies and objectives – informing the public and possible infringers that

an article in patented to prevent innocent infringement.  As such, Brazos's pre-suit damages for

the '493 Patent should not be limited at all.  Since there is a dispute of material fact as to the release

date, summary judgment should be denied.[4]

## V.   CONCLUSION

For the foregoing reasons, Brazos respectfully requests that the Court deny Defendant's

Motion for Partial Summary Judgment.

---

[4] If the Court credits Salesforce's release date for the ████████████ and holds there is no dispute
of material fact on that issue, Brazos's presuit damages for the '493 Patent should only be barred
from October 2018 until the filing of the complaint.

PUBLIC VERSION

Dated:  November 7, 2023

RESPECTFULLY SUBMITTED,

By:  /s/ Jonathan K. Waldrop
Jonathan K. Waldrop (CA Bar No. 297903)
(Admitted in this District)
jwaldrop@kasowitz.com
Darcy L. Jones (CA Bar No. 309474)
(Admitted in this District)
djones@kasowitz.com
Marcus A. Barber (CA Bar No. 307361)
(Admitted in this District)
mbarber@kasowitz.com
Heather S. Kim (CA Bar No. 277686)
(Admitted in this District)
hkim@kasowitz.com
John W. Downing (CA Bar No. 252850)
(Admitted in this District)
jdowning@kasowitz.com
ThucMinh Nguyen (CA Bar No. 304382)
(Admitted in this District)
Chen Jia (CA Bar No. 281470)
(Admitted *pro hac vice*)
cjia@kasowitz.com
Jonathan H. Hicks (CA Bar No. 274634)
(Admitted in this District)
jhicks@kasowitz.com
**KASOWITZ BENSON TORRES LLP**
333 Twin Dolphin Drive, Suite 200
Redwood Shores, California 94065
Telephone: (650) 453-5170
Facsimile: (650) 453-5171

Paul G. Williams (GA Bar No. 764925)
(Admitted in this District)
pwilliams@kasowitz.com
**KASOWITZ BENSON TORRES LLP**
1230 Peachtree Street N.E., Suite 2445
Atlanta, Georgia 30309
Telephone: (404) 260-6080
Facsimile: (404) 260-6081

Julie R. Fischer (NY Bar No. 1729714)
(Admitted *pro hac vice*)
jfischer@kasowitz.com
Jessica C. Sutliff (NY Bar No. 2772150)
(Admitted *pro hac vice*)
jsutliff@kasowitz.com

PUBLIC VERSION

Julianne Laporte (NY Bar No. 5547906)
(Admitted *pro hac vice*)
jlaporte@kasowitz.com
Ryan A. Madden (NY Bar No. 5706080)
(Admitted *pro hac vice*)
rmadden@kasowitz.com
Lea Dartevelle Erhel (NY Bar No. 5172101)
(Admitted *pro hac vice*)
ldartevelle@kasowitz.com
**KASOWITZ BENSON TORRES LLP**
1633 Broadway
New York, NY 10019
Telephone: (212) 506-1700
Facsimile: (212) 506-1800

Mark D. Siegmund (TX Bar No. 24117055)
msiegmund@cjsjlaw.com
Craig D. Cherry (TX Bar No. 24012419)
ccherry@cjsjlaw.com
Gregory P. Love (TX Bar No. 24013060)
glove@cjsjlaw.com
Melissa S. Ruiz (TX Bar No. 24128097)
mruiz@cjsjlaw.com
**CHERRY JOHNSON SIEGMUND JAMES,
PLLC**
400 Austin Ave Suite 903
Waco, TX 76701
Telephone: (254) 633-3011

Scott R. Maynard (CA Bar No. 224932)
scottm@rade.solutions
**RADE, LLC**
30 N. Gould Street, Suite 2767
Sheridan, WY  82801
Telephone:  (949) 885-6084

**Attorneys for Plaintiff
WSOU INVESTMENTS, LLC d/b/a
BRAZOS LICENSING AND
DEVELOPMENT**

9

PUBLIC VERSION

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument was served or delivered electronically to all counsel of record on this 14th day of November, 2023, via the Court's CM/ECF System.

*/s/ Jonathan K. Waldrop*
Jonathan K. Waldrop