**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| **WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT,** | |
| *Plaintiff,* | **Civil Action No. 6:20-cv-01164-ADA** |
| **v.** | **Civil Action No. 6:20-cv-01170-ADA** |
| **SALESFORCE.COM, INC.,** | |
| *Defendant.* | |

**DEFENDANT SALESFORCE, INC.'S REPLY IN SUPPORT OF THE
MOTION FOR PARTIAL SUMMARY JUDGMENT OF NO PRE-SUIT DAMAGES**

**TABLE OF CONTENTS**

**Page**

I.     SALESFORCE'S *ARCTIC CAT* NOTICE FOR THE '411 PATENT WAS ADEQUATE ................................................................................................................1

II.    THE FAILURE TO MARK PRECLUDES ALL PRE-SUIT DAMAGES BEFORE NOTICE IS PROVIDED ...................................................................................2

III.   SALESFORCE PROVIDED ADEQUATE PROOF THAT THE ███████ WAS OFFERED FOR SALE IN THE U.S. BEFORE WSOU FILED SUIT .....................3

IV.   CONCLUSION ...................................................................................................4

# TABLE OF AUTHORITIES

**Page**

## Cases

*Arctic Cat Inc. v. Bombardier Rec. Prods., Inc.*,
  950 F.3d 860 (Fed. Cir. 2020)..................................................................................................1, 3

*Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*,
  876 F.3d 1350 (Fed. Cir. 2017).....................................................................................................1

*Barkan Wireless IP Holdings, L.P. v. T-Mobile US, Inc.*,
  No. 2:21-CV-00034-JRG-RSP, 2021 WL 8441751 (E.D. Tex. Dec. 10, 2021).........................2

*Biedermann Techs. GmbH & Co. KG v. K2M, Inc.*,
  528 F. Supp. 3d 407 (E.D. Va. 2021) ..........................................................................................2

*Finjan, Inc. v. Juniper Networks, Inc.*,
  387 F. Supp. 3d 1004 (N.D. Cal. 2019) .......................................................................................2

*Freeny v. Fossil Grp., Inc.*,
  No. 2:18-CV-00049-JRG, 2019 WL 8688587 (E.D. Tex. July 24, 2019)...................................2

*Solas Oled Ltd. v. Samsung Elecs. Co.*,
  No. 2:21-CV-105-JRG-RSP, 2022 WL 1912873 (E.D. Tex. May 30, 2022).............................2

*Team Worldwide Corp. v. Acad., Ltd.*,
  Case No. 2:19-cv-00092-JRG-RSP, 2021 WL 1854302 (E.D. Tex. May 5,
  2021) ............................................................................................................................................3

## Statutes

35 U.S.C. § 287......................................................................................................................1, 3

## Other Authorities

U.S. Patent No. 8,209,411.......................................................................................................1, 4

U.S. Patent No. 9,088,493..........................................................................................................1

## I.      Salesforce's *Arctic Cat* Notice For The '411 Patent Was Adequate

WSOU asserts that Salesforce's *Arctic Cat* notice was allegedly inadequate for the '411 Patent because (i) it identified the ███████████████ as an unmarked product practicing the '411 Patent without specifically referencing that the █████████████████████████ ████████████████████ as described in Salesforce's '411 Patent rebuttal expert report, and (ii) the identification of the latter for the first time in the rebuttal expert report was prejudicial. *See* Opp. 5.[1]  This fails as a matter of law: an alleged infringer's initial burden of production is a "low bar" that only requires the alleged infringer to notify a patentee that it or its licensee "sold specific unmarked products" practicing the asserted patent. *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350, 1368 (Fed. Cir. 2017). Salesforce cleared this low bar by specifically identifying the ███████████ as an unmarked product sold by ████████. *See* Mot. Ex. 11. Further, WSOU itself acknowledges that ██████████████████████████████████ ████████████. Opp. 2. WSOU's claim that Salesforce's identification of the ██████████ was inadequate is contrary to *Arctic Cat* and requires an alleged infringer to identify not only the sold product but also the default software/features to satisfy its initial burden of production. This is nonsensical, and WSOU fails to cite any authority in support thereof.

The *Biedermann* case is a non-binding case and is inapposite because there the alleged infringer identified the unmarked product but failed to even allege that it practiced the asserted patent. *Biedermann Techs. GmbH & Co. KG v. K2M, Inc.*, 528 F. Supp. 3d 407, 423-24 (E.D. Va. 2021). Similarly, *Solas* and *Freeny* are inapposite because the disputed issue in those cases was

---

[1]  WSOU does not dispute that (i) Salesforce's *Arctic Cat* notice for U.S. Patent No. 9,088,493 (the "'493 Patent") satisfied its initial burden of production with respect to the '493 Patent; (ii) Salesforce did not have pre-suit notice of the '411 and '493 Patents; (iii) ██████████████ were licensees of the '411 and '493 Patents, respectively; and (iv) ██████████████ did not mark the ███████████████████████████████ in accordance with 35 U.S.C. § 287.

the *timing* of the defendant's identification of unmarked products and not whether the identification was adequate on its face. *See Solas Oled Ltd. v. Samsung Elecs. Co.*, No. 2:21-CV-105-JRG-RSP, 2022 WL 1912873, at *2 (E.D. Tex. May 30, 2022); *Freeny v. Fossil Grp., Inc.*, No. 2:18-CV-00049-JRG, 2019 WL 8688587, at *3 (E.D. Tex. July 24, 2019).

Instead, courts have routinely ruled that an alleged infringer's identification of product names and/or model numbers (as is the case here) are sufficient to meet this initial burden of production. *See, e.g.*, *Finjan, Inc. v. Juniper Networks, Inc.*, 387 F. Supp. 3d 1004, 1016-17 (N.D. Cal. 2019) (identification of "Finjan, Inc.: Vital Security Products" and "Aladdin Knowledge Systems, Inc.: eSafe Products" sufficient); *Barkan Wireless IP Holdings, L.P. v. T-Mobile US, Inc.*, No. 2:21-CV-00034-JRG-RSP, 2021 WL 8441751, at *1-2 (E.D. Tex. Dec. 10, 2021) (identification of "Verizon Wireless Network Extender (2008 Model) and "Verizon Wireless Network Extender (2009 Model/SCS-26UCSU01)" sufficient).

## II.    The Failure To Mark Precludes All Pre-Suit Damages Before Notice Is Provided

WSOU asserts that even if Salesforce's *Arctic Cat* notice was adequate, "the limitation on damages should apply only from the time the duty to mark began, *i.e.* from the time each allegedly unmarked product was offered for sale." Opp. 5-6. WSOU's argument fails because it is based on district court cases decided *before* the Federal Circuit's opinion in *Arctic Cat Inc. v. Bombardier Rec. Prods., Inc.*, 950 F.3d 860 (Fed. Cir. 2020) ("*Arctic Cat II*"), which expressly rejected those courts' interpretation of 35 U.S.C. § 287.

In *Arctic Cat II*, the patentee asserted that "the damages limitation of 35 U.S.C. § 287 applies only while a patentee is actively making, using, or selling unmarked products" and thus "did not apply after the time that [its licensee] stopped selling unmarked products." *Arctic Cat II*, 950 F.3d at 863. But the Federal Circuit disagreed, and instead read § 287 to mean that a failure to mark bars **all pre-suit damages** prior to the date that notice is provided:

2

> If . . . a patentee makes or sells a patented article and fails to mark in accordance with § 287, ***the patentee cannot collect damages until it either begins providing notice or sues the alleged infringer***—the ultimate form of notice—***and then only for the period after notification or suit has occurred***.

*Id.* at 864 (emphasis added). Indeed, the Eastern District of Texas has applied this interpretation of § 287 in *Arctic Cat II* to hold that a licensee's failure to mark licensed products "precludes all pre-suit damages prior to the date of actual notice," including pre-suit damages for periods of prior compliance with § 287 by the patentee. *Team Worldwide Corp. v. Acad., Ltd.*, Case No. 2:19-cv-00092-JRG-RSP, 2021 WL 1854302, at *1-2 (E.D. Tex. May 5, 2021). Accordingly, WSOU cannot recover any pre-suit damages for the '411 and '493 Patents.

**III.    Salesforce Provided Adequate Proof That The ████████ Was Offered For Sale in the U.S. Before WSOU Filed Suit**

Contrary to WSOU's contention (Opp. at 7), the ████ webpages retrieved from the Wayback Machine and attached as exhibits to Salesforce's opening brief do not only "generically describe" the ███████████████████████████████████████████; they show that the ██████████████ was offered for sale before WSOU filed the instant patent actions against Salesforce on December 18, 2020. For example, Exhibit 15 is a ██████████████ ██████████████████████████████████████████████ that was archived by the Wayback Machine on October 9, 2018. *See* Dkt. 237-16.[2] This webpage mentions how a customer—████████████—was already using █████████████████████████ and also includes a "Contact sales" link for prospective customers. *See id.* As another example, Exhibit 16 is a █████████████████████████████████ that was archived on September 23, 2020, and it features a "How to buy" button at the top of the page. *See* Dkt. 237-17. Exhibit 17 is the same ███████████████████████████████████—including the same "How

---

[2]    All docket citations are to Case No. 6:20-cv-01164-ADA (W.D. Tex.).

3

to buy" button—that was archived on November 25, 2020. *See* Dkt. 237-18. Accordingly, these webpages show that the ███████████████████ was offered for sale in the U.S.—and thus the duty to mark began—before WSOU filed suit against Salesforce.

Furthermore, the ████████████████████████████████ cited by WSOU and ████████████████████ are ***different products***. *Compare* Exs. 1-2 (████████ ██████████████████████████ webpage from 2/20/23 and 11/15/23), *with* Exs. 3-4 (████████████████████████████████████████ from 1/31/23 and 11/15/23). Thus, there is no dispute that there was a duty to mark the █████████ ████████████████ with the '493 Patent, and WSOU and its licensee failed to do so.

## IV.   Conclusion

For these reasons, Salesforce respectfully requests that the Court grant its Motion for Partial Summary Judgment of No Pre-Suit Damages.

DATED: November 21, 2023       Respectfully submitted,

   */s/ Scott L. Cole*
Scott L. Cole
scottcole@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
201 West 5th Street
11th Floor
Austin, TX 78701
Telephone: (737) 667-6104

Kevin P.B. Johnson
kevinjohnson@quinnemanuel.com
Todd Briggs
toddbriggs@quinnemanuel.com
Ray R. Zado
rayzado@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065

Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Sam Stake
samstake@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, Floor 22,
San Francisco CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Attorneys for Defendant Salesforce, Inc.*

**CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on November 21, 2023, all counsel of record who have appeared in this case are being served with a copy of the foregoing via e-mail.


Dated:  November 21, 2023                          */s/ Scott Cole*_____
                                                                                  Scott Cole

1